IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cedric Wise,                               )        Case No.: 6:23-cv-04082-JD-KFM
                                           )
                  Plaintiff,               )
                                           )
            vs.                            )
                                           )        **ORDER AND OPINION**
John Doe 1 (Davis), Bart Vincent, John Doe )
2, John Doe 3,                             )
                                           )
                  Defendants.              )
                                           )
_____)

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 16.) Plaintiff Cedric Wise ("Plaintiff" or "Wise"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff alleges false imprisonment and denial of due process because Defendants John Doe 1 (Davis), Bart Vincent, and John Doe 2, and John Doe 3 (collectively "Defendants"), who work for the South Carolina Department of Corrections ("SCDC"), did not investigate his sentence computation error and made him over-serve his sentence beyond his max out date (DE 1, pp. 3, 7–9, 20). (DE 1.) Plaintiff further alleges that his illegal incarceration caused his family to suffer sleep deprivation, pain and suffering, and mental anguish (id. at 10). For relief, Plaintiff seeks compensatory and punitive damages and to have the Defendants "punished." (Id. at 24.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Report was issued on October 23, 2023, recommending Plaintiff's Complaint be summarily dismissed because it is duplicative of Plaintiff's prior cases regarding an alleged improperly calculated sentence.[2]  Further,  Plaintiff cannot cure the defects identified in the Report by amending the Complaint.  Plaintiff did not file an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record.  Therefore, the Court adopts the Report (DE 16) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is summarily dismissed with prejudice, without leave to amend, and without issuance of service process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 23, 2024

**NOTICE OF RIGHT TO APPEAL**

---

[2]    This action represents Plaintiff's third case seeking relief regarding an alleged improperly calculated sentence. See Wise v. Kendall, et al., C/A No. 6:21-cv-00164-JD, 2021 WL 3410460 (D.S.C. Apr. 16, 2021), Report and Recommendation adopted by 2021 WL 3410057 (D.S.C. Aug. 4, 2021). Plaintiff's two prior cases were dismissed. See Wise, 2022 WL 798793; Wise, 2021 WL 3410057.

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.